IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lisa Karen Fernandez, ) | |
| ) | Civil Action No.: 6:19-cv-02709-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Andrew Saul, ) | |
| Commission of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on January 6, 2021. (ECF No. 20.) The Report addresses Plaintiff Lisa Karen Fernandez's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 1, 16.) For the reasons stated herein, the court **ACCEPTS** the Report (*id.*) and **AFFIRMS** the decision of the Commissioner.

I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 20.) As brief background, Plaintiff filed an application for DIB on November 24, 2015 and an application for SSI on December 7, 2015. (*Id.* at 1.) Both applications were denied initially and on reconsideration. (*Id.* at 1-2.)

After a hearing was held on April 5, 2018, an administrative law judge ("ALJ") denied Plaintiff's claim in a decision dated September 19, 2018. (*Id.* at 2.) Plaintiff's request for the Appeals Council ("Council") to review the ALJ's decision was denied on July 24, 2019. (*Id.*)

1

Thus, the ALJ's decision became the final decision of the Commissioner. *Moody v. Chater*, No. 95–1066, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff subsequently filed the instant action on September 24, 2019. (ECF No. 1.)

In the Report, the Magistrate Judge found no error in the ALJ's explanation of Plaintiff's mental residual functional capacity ("RFC") because (1) circuit precedent does not require a limitation in the RFC as a result of a moderate limitation in concentration, persistence, and pace; (2) the ALJ's decision contains a detailed discussion of Plaintiff's mental impairments and their corresponding effect on Plaintiff's RFC; and (3) the ALJ addressed the appropriateness of Plaintiff's mental RFC in light of the opinion evidence of record. (ECF No. 20 at 6-10.) The Magistrate Judge then concluded that the ALJ's decision adequately accounted for the opinion of Plaintiff's treating provider, Dr. Orkin, given the decision's clear explanation of the weight assigned to Dr. Orkin's opinion in light of the record evidence. (*Id.* at 10-13.) Finally, the Magistrate Judge determined that the ALJ's treatment of third party statements is supported by substantial evidence, noting that the ALJ found the third party statements inconsistent with the record and referenced evidence in the record to support that decision. (*Id.* at 13-15.) As a result, the Magistrate Judge recommended that the court affirm the Commissioner's decision. (*Id.* at 16.)

The parties were apprised of their opportunity to file specific objections to the Report on January 6, 2021. (ECF No. 20 at 17.) On February 4, 2021, Plaintiff filed three Objections to the Report. (ECF No. 23.) The Commissioner replied to Plaintiff's Objections on February 17, 2021. (ECF No. 25.)

## II.     STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III.   ANALYSIS

Plaintiff makes three Objections to the Report.  First, she argues that the "ALJ's RFC fails to address [her] ability to sustain work, given her moderate limitations with concentration, persistence, and pace."  (ECF No. 23 at 3.)  Second, Plaintiff contends that the "ALJ erred by failing to consider the enumerated factors listed in 20 CFR 404.1527(c) when evaluating Dr. Orkin's opinion."  (*Id.* at 5.)  Third, she maintains that the "ALJ erred in failing to consider the substance of the multiple third party statements in the record and focused simply on dismissing them."  (*Id.*)  The Commissioner counters that Plaintiff's Objections "reiterate the arguments made in Plaintiff's Brief."  (ECF No. 25 at 1.)  The Commissioner also asserts that the Report addresses Plaintiff's Objections.  (*Id.* at 4, 5.)

"The purpose of magistrate review is to conserve judicial resources."  *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).  Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court.  *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court concludes that Plaintiff's Objections restate arguments adequately addressed by the Report. (*See* ECF No. 20 at 5-15.) Moreover, Plaintiff's Objections substantively mirror the arguments raised in prior briefing. Similarly to Plaintiff's Objections, Plaintiff's Brief argues that the ALJ erred by failing to (1) "address [Plaintiff's] ability to sustain work, given her moderate limitations with concentration, persistence, and pace[;]" (2) "consider the enumerated factors listed in 20 CFR 404.1527(c) when evaluating Dr. Orkin's opinion[;]" and (3) "consider the substance of the multiple third party statements in the record and focused simply on dismissing them." (ECF No. 10 at 7-11.)

A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution...." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's rehashed arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's Objections, is well-reasoned, and properly analyzes the issues raised by Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein and overrules Plaintiff's Objections.

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and incorporates it herein. Accordingly, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 23, 2021
Columbia, South Carolina